IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR - 5 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

JEMAINE MONTEIL CANNON,          )
                                 )
            Plaintiff,           )
                                 )
v.                               )   No. CIV 08-188-RAW-SPS
                                 )
CHESTER MASON, et al.,           )
                                 )
            Defendants.          )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #20 and #22], plaintiff's response [Docket #23], the defendants' reply [Docket #26 and #27], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Docket #21].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration there. The defendants are Chester Mason, OSP Health Services Administrator; Dr. Raymond Stewart, OSP physician; and Donna Folsom, OSP Nurse, OSP nurse.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an

Plaintiff alleges that on the evening of April 18, 2008, Defendant Nurse Donna Folsom came to his cell door with medications that Defendant Dr. Stewart has characterized as "vital." When Nurse Folsom advised plaintiff he was required to sign a document before he could receive his medications, plaintiff told her, "I don't sign anything for my medications." Folsom said she would not dispense the medications without plaintiff's signature, and plaintiff told Folsom there was nothing in the medical policy requiring him to sign. Plaintiff refused to sign the document, and Folsom did not give him his medications. Plaintiff claims that because Nurse Folsom is not a physician, she had no authority to arbitrarily and capriciously interfere in his medical treatment by denying him his medications. He asserts Folsom's refusal to issue his medications caused him unspecified serious harm.

Plaintiff also contends that Defendant Health Services Administrator Chester Mason has a duty to supervise and control all the OSP medical staff. He additionally asserts Defendant Dr. Stewart has a responsibility to prescribe necessary medications and to ensure the patient actually receives the medications. Plaintiff claims the issue set forth in this lawsuit previously has been brought to Dr. Stewart's attention, but no action was taken to correct the problem.

The defendants have moved for dismissal, alleging plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or of the date of the Request to Staff response, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only

3

after all of these steps have been taken.

Defendant Donna Folsom, OSP Nurse, states by affidavit in the special report that on April 18, 2008, she attempted to deliver plaintiff's medications that he is allowed to keep on his person. Plaintiff, however, refused to sign the label attached to his medications. She explained why he needed to sign the delivery label, but he still refused. Therefore, she returned the medications to the medication room and documented the incident. Defendant Mason, Health Services Administrator, states by affidavit there are procedures in place at OSP Health Services detailing how certain medications may be made available to inmates for self-administration. Mason has reviewed plaintiff's allegations and the grievance log maintained by his office, and the log shows plaintiff has filed no grievances concerning the allegations in this lawsuit. An affidavit by Christine Kampas, OSP Nurse Manager, states she has researched plaintiff's medical record and his medication administration record, and the records reflect that plaintiff previously had signed for his medications. The facility's policy requires an inmate's signature before the inmate can receive medications to keep on his person.

Plaintiff has submitted copies of two grievances he allegedly submitted concerning his claim [Docket #23 at 10, 12]. The record reflects, however, that at the time he filed his grievance, he was subject to grievance restriction, and he was advised of the reasons the grievance was improper [Docket #20-3 at 2]. The court finds plaintiff failed to complete the grievance policy in accordance with DOC policy.

The defendants also have asked the court to find that plaintiff's complaint is frivolous or malicious. They allege one of plaintiff's prior civil rights complaints was dismissed for failure to exhaust administrative remedies, so he should have been aware of the requirements

4

of 42 U.S.C. § 1997e. *See Cannon v. Mason*, No. CIV-07-127-FHS-SPS (E.D. Okla. Dec. 19, 2007), *aff'd* No. 08-7005 (10th Cir. July 17, 2008). This court since has dismissed another of plaintiff's complaints for the same reason. *See Cannon v. Mason*, No. CIV-08-189-FHS (E.D. Okla. Nov. 17, 2008), *appeal docketed*, No. 08-7117 (10th Cir. Dec. 9, 2008). Both of these dismissed cases concerned plaintiff's complaints about his medical care at OSP.

The defendants further point out that, in addition to this case now at issue and the two cases cited above, in 2008 plaintiff filed five other cases in this court, all of which concerned his medical treatment at OSP. *See Cannon v. Wright*, No. CIV 08-130-RAW-SPS; *Cannon v. Mason*, No. CIV 08-148-RAW-SPS; *Cannon v. Mason*, No. CIV 08-191-RAW-SPS; *Cannon v. Mason*, No. CIV 08-192-RAW-SPS; and *Cannon v. Mason*, No. CIV 08-193-RAW-SPS. According to the defendants, all of these cases were filed before plaintiff exhausted his administrative remedies, so all should fail. The defendants maintain plaintiff's filing of these deficient actions is a form of harassing the medical staff at OSP, and this complaint should be dismissed as frivolous or malicious.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's claim in this case is that the nurse required him to sign a form before she would dispense his medication. Plaintiff contends the signature requirement was a violation of established medical policy, so he was unconstitutionally deprived of his medications. He does not deny that medication was offered, but he is objecting to the nurse's procedures in

5

administering it.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (citations and footnotes omitted).

Here, the court finds plaintiff was provided with treatment for his medical conditions, but he refused to cooperate with the medical staff's protocol for receiving his prescriptions. Plaintiff offers no explanation for his refusal, except that he believed he was not required to sign paperwork before receiving his medication. These allegations clearly do not state an Eighth Amendment claim.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case

6

when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #20] is GRANTED, and this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 5th day of March 2009.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**